UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| CAMERON KYE, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | No. 4:15CV1403 CDP |
| TROY STEELE, | ) | |
| Respondent. | ) | |

# MEMORANDUM AND ORDER

This matter is before the Court on petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition appears to be barred by § 2254's one-year limitations period, and the Court will order petitioner to show cause why the petition should not be dismissed.

## Background

Petitioner pled guilty to robbery in the first degree and armed criminal action on August 27, 2012. *State v. Kye*, No. 1122-CR04810-01 (22nd Judicial Circuit, St. Louis City). On October 4, 2012, the Circuit Court for the City of St. Louis sentenced petitioner to four years' imprisonment on the armed criminal action charge and ten years' imprisonment on the robbery charge, to run concurrently. *Id.* Petitioner did not file a direct appeal.

Petitioner filed a motion to vacate his sentence, brought pursuant to Missouri Supreme Court Rule 24.035, on February 1, 2013. *Kye v. State*, No. 1322-CC00293 (22nd Judicial Circuit, St. Louis City). Petitioner voluntarily dismissed his motion to vacate on July 3, 2013. *Id.* Petitioner filed his federal writ of habeas corpus, pursuant to 28 U.S.C. § 2254 by placing the current application in the mail on September 7, 2015.

**Discussion**

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Pursuant to 28 U.S.C. § 2244(d), a petitioner has one year from the date his judgment of conviction becomes final within which to file a petition for writ of habeas corpus. Where, as here, a Missouri petitioner does not file a direct appeal, his judgment becomes final upon expiration of the time within which he may file a notice of appeal, or within ten days of the date of the sentencing. Mo. S. Ct. R. 81.04. Accordingly, petitioner's judgment of conviction became final on October 14, 2012.

Petitioner filed his first motion for post-conviction relief on February 1, 2013, and it was pending until he voluntarily dismissed his case on July 3, 2013.[1] During the time the case was pending, the statute was of limitations was tolled. However, the period between the finality of his judgment and the application for post-conviction relief must be counted toward the one-year limitations period. *See Maghee v. Ault*, 410 F.3d 473, 475 (8th Cir. 2005); *Curtiss v. Mount Pleasant Corr. Facility*, 338 F.3d 851, 854 (8th Cir. 2003). As such, petitioner accrued one-hundred and ten (110) days toward the limitations period during this time period.

Petitioner again accrued days toward the statute of limitations period between the time he voluntarily dismissed his motion to vacate and when he filed the instant application for habeas corpus in this Court, on September 7, 2015, which amounted to seven-hundred and ninety-six days (796). Altogether, petitioner's application for habeas corpus was nine-hundred and six days (906) late, or more than two years and four months past its due date.

As a result, the Court will order petitioner to show cause why the petition should not be dismissed as time-barred. *See Day v. McDonough*, 126 S. Ct. 1675, 1684 (2006) (district court must give notice to petitioner before sua sponte dismissing petition as time-barred).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner shall show cause, in writing and **no later than thirty days from the date of this Order**, why this action should not be dismissed as time-barred.

---

[1] It is not entirely clear that the one-year limitations period should be tolled during the pendency of post-conviction proceedings that end in a voluntary dismissal. However, the Court will give petitioner the benefit of the doubt, pursuant to the holding in *Williams v. Bruton*, 299 F.3d 981, 982-83 (8th Cir. 2002) ("Although we have not answered the question directly, those circuit courts that have addressed it have concluded that the application is 'pending' (and thus the limitations period is tolled) during the appeal period, even if the petitioner does not appeal.").

**IT IS FURTHER ORDERED** that if petitioner fails to comply with this Order, this action will be dismissed.

Dated this 9th day of October, 2015.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE