UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CAMERON KYE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:15CV1403 CDP |
| | ) | |
| TROY STEELE, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on petitioner's response to the order to show cause.[1] Having carefully reviewed petitioner's response, the Court concludes that his arguments are without merit, and that the instant action is time-barred under 28 U.S.C. § 2244.

### **The Petition**

Petitioner pled guilty to robbery in the first degree and armed criminal action on August 27, 2012. *State v. Kye,* No. 1122-CR04810-01 (22nd Judicial Circuit, St. Louis City). On October 4, 2012, the Circuit Court for the City of St. Louis sentenced petitioner to four years' imprisonment on the armed criminal action charge and ten years' imprisonment on the robbery charge, to run concurrently. *Id.* Petitioner did not file a direct appeal.

Petitioner did file a motion to vacate his sentence, brought pursuant to Missouri Supreme Court Rule 24.035, on February 1, 2013. *Kye v. State,* No. 1322-CC0293 (22nd Judicial Circuit, St. Louis City). Petitioner voluntarily dismissed his motion to vacate on July 3, 2013. *Id.*

---

[1]On October 9, 2015, the Court ordered petitioner to show cause as to why the Court should not dismiss the instant application for writ of habeas corpus as time-barred.

1

Petitioner filed his federal writ of habeas corpus, pursuant to 28 U.S.C. § 2254 by placing the current application in the mail on September 7, 2015.

## Discussion

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief. Under 28 U.S.C. § 2244(d) a one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. In Missouri, the time for filing a direct appeal expires ten days after the judgment is entered, as such petitioner's judgment of conviction became final on October 14, 2012.

Petitioner filed his motion for post-conviction relief on February 1, 2013, and it was pending until he voluntarily dismissed his case on July 3, 2013. During the time the case was pending, the statute was of limitations was tolled. However, the period between the finality of his judgment and the application for post-conviction relief must be counted toward the one-year limitations period. *See Maghee v. Ault*, 410 F.3d 473, 475 (8th Cir. 2005); *Curtiss v. Mount Pleasant Corr. Facility*, 338 F.3d 851, 854 (8th Cir. 2003). As such, petitioner accrued one-hundred and ten (110) days toward the limitations period during this time period.

Petitioner again accrued days toward the statute of limitations period between the time he voluntarily dismissed his motion to vacate and when he filed the instant application for habeas corpus in this Court, on September 7, 2015, which amounted to seven-hundred and ninety-six days (796). Altogether, petitioner's application for habeas corpus was nine-hundred and six days (906) late, or more than two years and four months past its due date.

Petitioner argues that his untimely filing should be exempt from the statute of limitations because it was not until some later, undisclosed date he uncovered a "jurisdictional defect during his state criminal proceedings warranting habeas corpus review." Namely, petitioner argues that the District Court has original jurisdiction over all "Admiralty and Maritime" cases.

Petitioner has not explained to the Court how or why he believes his criminal charges of robbery and armed criminal action fall under this Court's "Admiralty" or "Maritime" jurisdiction. Petitioner has also failed to explain how his alleged "mistaken belief," allows for equitable tolling in this instance or how it excuses him from the statute of limitations. *See Preston v. Iowa*, 221 F.3d 1343 (8th Cir. 2000) (refusing to apply equitable tolling in the case of an unrepresented prisoner alleging a lack of legal knowledge or resources). The Court assures petitioner that his habeas action does not fall under Admiralty or Maritime law, and that under the confines of habeas corpus review, *see* 28 U.S.C. § 2244, his petition is untimely in this Court. As petitioner has failed to give an equitable reason why his untimeliness should be excused, the Court must dismiss the petition in this instance.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 is **DENIED AND DISMISSED** as time-barred. Rule 4 of the Rules Governing Habeas Corpus Proceedings.

**IT IS FURTHER ORDERED** that the Court will not issue a Certificate of Appealability. *See* 28 U.S.C. § 2253.

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel is **DENIED AS MOOT**.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 22nd day of October, 2015.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE